Jason M. Ingber (SBN 318323)
Serach B. Shafa (SBN 358332)
**Ingber Law Group**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Tel: (213) 805-8373
E-mail: ji@jasoningber.com
E-mail: ss@jasoningber.com

Attorneys for Plaintiff
PERYL HARTMAN

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

PERYL HARTMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HYUNDAI MOTOR AMERICA, a California corporation; HYUNDAI MOTOR COMPANY, a Korean corporation; and DOES 1-100, inclusive,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT FOR:**

**(1) VIOLATION OF MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §§ 2301 ET SEQ.);**
**(2) VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT (CAL. CIV. CODE §§ 1790 ET SEQ.);**
**(3) BREACH OF EXPRESS WARRANTY;**
**(4) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;**
**(5) FRAUDULENT CONCEALMENT;**
**(6) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.);**
**(7) VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (CAL.**

**BUS. & PROF. CODE §§ 17500 ET SEQ.)**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. Plaintiff Peryl Hartman ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Defendants Hyundai Motor America ("HMA"), Hyundai Motor Company ("HMC"), and Does 1-100 (collectively, "Defendants") for systematic defects affecting the 2023-2025 Hyundai Palisade vehicles (the "Class Vehicles").

2. The Class Vehicles suffer from at least three dangerous and pervasive defects: (a) a dashboard defect where shiny trim on the dashboard reflects onto the windshield causing rainbow-shape glare, prismatic distortion, and visibility obstruction under various weather and lighting conditions, including sunny, cloudy, and overcast conditions ("Dashboard Reflection Defect"); and (b) a trunk release system failure affecting the key fob remote release, the interior trunk release button, and the exterior trunk-mounted release button ("Trunk Release Defect"); and (c) air-conditioning system failure ("AC Defect") (collectively, the "Defects").

3. These Defects pose serious safety hazards and substantially impair the use, value, and safety of the Class Vehicles. The Dashboard Reflection Defect creates dangerous visual distortions from the shiny dashboard trim reflecting onto the windshield, obstructing visibility and impairing a driver's ability to see clearly in various weather and lighting conditions. The Trunk Release Defect renders the vehicles unreliable, with the trunk failing to open in approximately one out of every ten to twelve attempts across all three release mechanisms. The AC Defect renders the vehicles uncomfortable and potentially unsafe.

4. Defendants have known or should have known about these Defects through pre-release testing, post-sale reports, warranty claims, customer complaints,

and dealership repair records, yet have failed to disclose these Defects to consumers and have failed to provide adequate repairs or remedies.

5. When customers report these issues, Defendants' dealers dismiss the problems as "designed like this from the manufacturer," refusing to attempt repairs or provide remedies.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists because Plaintiff and many Class members are citizens of states different from Defendants.

7. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.

8. This Court has personal jurisdiction over Defendants because HMA is incorporated in California and maintains its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708, which is within this District. HMC conducts substantial business in this District through its subsidiary HMA.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the lease, attempted repairs, and ongoing use of the defective vehicle.

## III. PARTIES

10. Plaintiff Peryl Hartman is a citizen and resident of Los Angeles County, California. On or about March 28, 2025, Plaintiff leased a new 2025 Hyundai Palisade, VIN KM8R24GE5SU867203, through Universal Car Leasing, a local auto leasing agent.

11. Defendant Hyundai Motor America is a California corporation with its principal place of business in Fountain Valley, California. HMA is the exclusive distributor, warrantor, and service provider for Hyundai vehicles in the United States.

12. Defendant Hyundai Motor Company is a Korean corporation with its principal place of business in Seoul, South Korea. HMC designs, manufactures, and supplies Hyundai vehicles distributed in the United States through HMA.

13. The true names and capacities of Defendants DOES 1 through 100 are unknown to Plaintiff, who sues such defendants by fictitious names. Plaintiff will amend this Complaint when their true names and capacities are ascertained.

## IV. FACTUAL ALLEGATIONS

### A. The Hyundai Palisade and the Class Vehicles

14. The Hyundai Palisade is marketed as Hyundai's flagship SUV, positioned as a premium family vehicle with emphasis on safety, comfort, and reliability.

15. Defendants design, manufacture, market, distribute, sell, lease, and warrant the Hyundai Palisade vehicles throughout the United States.

16. The 2023-2025 model year Hyundai Palisade vehicles share substantially similar designs, components, and manufacturing processes, including the dashboard assembly and trunk release systems.

### B. The Dashboard Reflection Defect

17. The Class Vehicles suffer from a uniform Dashboard Reflection Defect where the shiny trim on the dashboard reflects onto the windshield, causing rainbow shape glare, prismatic light distortion, and visual interference that obstructs clear visibility.

18. This Dashboard Reflection Defect manifests under various weather and lighting conditions, including sunny, cloudy, and overcast conditions, creating a persistent safety hazard that cannot be avoided by the driver.

19. The Dashboard Reflection Defect appears to result from manufacturing defects in the dashboard trim materials, improper finishing, or design issues that are common across the Class Vehicles.

20. The rainbow glare and prismatic effects from the dashboard trim reflecting onto the windshield create dangerous driving conditions by: (a) obstructing the driver's clear view of the road; (b) creating distracting visual distortions; (c) causing eye strain and fatigue; and (d) impairing the driver's ability to judge distances and detect hazards.

### C. The Trunk Release Defect

21. The Class Vehicles also suffer from a uniform Trunk Release Defect that causes the power trunk release system to fail intermittently across all three release mechanisms.

22. The Trunk Release Defect affects: (a) the key fob remote release button; (b) the interior trunk release button located inside the vehicle; and (c) the exterior trunk-mounted release button, with the trunk failing to open approximately one out of every ten to twelve attempts across all three mechanisms.

23. This defect appears to result from faulty electronic components, software issues, or mechanical failures in the trunk release system that are common across the Class Vehicles.

24. The Trunk Release Defect renders the vehicles unreliable and creates safety concerns, particularly in emergency situations where trunk access may be critical.

### D. The AC Defect

25. The Class Vehicles also suffer from a uniform AC Defect that causes the air-conditioning system to fail.

26. The AC Defect renders the vehicles uncomfortable and potentially unsafe, particularly in warm weather conditions.

27. This defect appears to result from faulty components or design issues in the air-conditioning system that are common across the Class Vehicles.

**E. Defendants' Knowledge of the Defects**

28. Defendants knew or should have known about the Defects through various sources including: (a) pre-production design and testing; (b) pre-release quality testing; (c) warranty claim data; (d) customer complaints to dealers and directly to Defendants; (e) dealership repair records and technical service bulletins; (f) online forums and social media complaints; and (g) aggregate data from their dealer network.

29. Despite this knowledge, Defendants have failed to: (a) disclose the Defects to consumers at the point of sale or lease; (b) issue recalls to address the Defects; (c) provide effective repairs or remedies; (d) offer replacement vehicles or buybacks; or (e) extend warranty coverage for the Defects.

30. When customers report these issues, Defendants' dealers often dismiss the problems as "normal" or "designed like this from the manufacturer," refusing to attempt repairs or provide remedies.

**F. Plaintiff's Experience**

31. Plaintiff leased her 2025 Hyundai Palisade on or about March 28, 2025, through Universal Car Leasing, a local auto leasing agent.

32. The vehicle was accompanied by express and implied warranties, including Hyundai's New Vehicle Limited Warranty.

33. Shortly after taking delivery, Plaintiff experienced the rainbow shape glare caused by the shiny trim on the dashboard reflecting onto the windshield manifests in various weather and lighting conditions, including sunny, cloudy, and overcast conditions, creating a hazardous distraction and obstructing visibility.

34. Plaintiff also experienced repeated failure of the trunk release system, with all three release mechanisms—the key fob button, the interior vehicle button, and the trunk-mounted button— failing to open the trunk approximately one out of every ten to twelve attempts, leaving the vehicle unreliable for its ordinary and intended use.

35. Plaintiff also experienced failure of the air-conditioning system, rendering the vehicle uncomfortable and potentially unsafe.

36. Plaintiff presented the vehicle for repair at an authorized Hyundai service center, on May 14, 2025. The dealership acknowledged the reported defects but failed to perform any effective repair, noting the dashboard reflection issue as "designed like this from the manufacturer" and declining to remedy the trunk release malfunction.

37. Despite Plaintiff's repeated repair requests, Defendants have failed to repair or replace the defective components, leaving Plaintiff with an unsafe, unreliable, and substantially impaired vehicle.

38. The Defects have substantially impaired the use, value, and safety of Plaintiff's vehicle. Plaintiff would not have leased the vehicle, or would have paid substantially less for it, had she known about the Defects.

## V. CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action individually and as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3) on behalf of the following classes:

**Nationwide Class:** All persons or entities in the United States who purchased or leased a 2023-2025 Hyundai Palisade vehicle.

**California Sub-Class:** All persons or entities in California who purchased or leased a 2023-2025 Hyundai Palisade vehicle.

40. Excluded from the Classes are Defendants, their employees, agents, and attorneys, the Court and Court personnel, and Plaintiff's counsel.

41. **Numerosity:** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, thousands of Hyundai Palisade vehicles have been sold and leased in the United States and California during the Class Period. The precise number of Class members can be determined from Defendants' sales and registration records.

42. **Commonality:** Common questions of law and fact exist as to all Class members and predominate over any individual questions. These common questions include: (a) Whether the Class Vehicles suffer from the Dashboard Reflection Defect; (b) Whether the Class Vehicles suffer from the Trunk Release Defect; (c) Whether the Class Vehicles suffer from the AC Defect; (d) Whether the Defects constitute safety hazards; (e) Whether Defendants knew or should have known about the Defects; (f) Whether Defendants concealed or failed to disclose the Defects; (g) Whether Defendants breached express and implied warranties; (h)Whether Defendants violated the Magnuson-Moss Warranty Act; (i) Whether Defendants violated the Song-Beverly Consumer Warranty Act; (j) Whether Defendants violated state consumer protection laws; (k) Whether Defendants engaged in unfair, unlawful, or fraudulent business practices; and (l) Whether Class members are entitled to damages, restitution, equitable relief, and/or other relief.

43. **Typicality:** Plaintiff's claims are typical of the claims of Class members. Plaintiff and Class members purchased or leased Class Vehicles with the same Defects, were damaged in the same manner, and seek the same relief.

44. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel experienced in complex class action litigation, including automotive defect cases. Plaintiff and her counsel are committed to prosecuting this action vigorously.

45. **Predominance:** Common questions of law and fact predominate over any questions affecting only individual Class members. The Defects are uniform across all Class Vehicles, and Defendants' conduct toward the Class was uniform.

46. **Superiority:** A class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The damages suffered by individual Class members are relatively small compared to the burden and expense of individual prosecution. It would be virtually impossible for Class members to individually seek redress for Defendants' wrongful conduct.

47. Additionally or alternatively, the Classes may be certified under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Classes, making final injunctive or declaratory relief appropriate.

**FIRST CAUSE OF ACTION**
**Violation of the Magnuson-Moss Warranty Act 15 U.S.C. § 2301, et seq.**
**(On Behalf of the Nationwide Class)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs.

49. Plaintiff and Class members are "consumers" as defined by 15 U.S.C. § 2301(3).

50. The Class Vehicles are "consumer products" as defined by 15 U.S.C. § 2301(1).

51. Defendants are "suppliers" and "warrantors" as defined by 15 U.S.C. § 2301(4)-(5).

52. Defendants provided written warranties within the meaning of 15 U.S.C. § 2301(6), including but not limited to the New Vehicle Limited Warranty.

53. Defendants breached their express warranties by failing to repair or replace the Defects after a reasonable number of attempts, in violation of 15 U.S.C. § 2304.

54. Defendants breached the implied warranty of merchantability because the Class Vehicles are not fit for ordinary purposes due to the Defects.

55. Plaintiff and Class members have suffered damages as a direct and proximate result of Defendants' breach of warranties.

56. Pursuant to 15 U.S.C. § 2310(d), Plaintiff and Class members are entitled to damages and other legal and equitable relief, including costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
**Violation of the Song-Beverly Consumer Warranty Act**
**Cal. Civ. Code § 1790, et seq.**
**(On Behalf of the California Sub-Class)**

57. Plaintiff realleges and incorporates by reference all preceding paragraphs.

58. The Class Vehicles are "consumer goods" as defined by California Civil Code § 1791(a).

59. Plaintiff and California Sub-Class members are "buyers" as defined by California Civil Code § 1791(b).

60. Defendants are "manufacturers" as defined by California Civil Code § 1791(j).

61. Defendants provided express and implied warranties covering the Class Vehicles.

62. The Defects substantially impair the use, value, and safety of the Class Vehicles.

63. Defendants failed to repair the Class Vehicles to conform to the applicable warranties after a reasonable number of attempts, in violation of California Civil Code § 1793.2(d).

64. Plaintiff and California Sub-Class members are entitled to damages, restitution, civil penalties of up to two times actual damages under California Civil Code § 1794(c), and attorneys' fees and costs under California Civil Code § 1794 (d).

**THIRD CAUSE OF ACTION**
**Breach of Express Warranty**
**(On Behalf of All Classes)**

65. Plaintiff realleges and incorporates by reference all preceding paragraphs.

66. Defendants provided express warranties that the Class Vehicles were free from defects in materials and workmanship.

67. The Defects constitute defects in materials and/or workmanship covered by the express warranties.

68. Defendants breached the express warranties by failing to repair or replace the Defects.

69. Plaintiff and Class members have been damaged by Defendants' breach of express warranties.

**FOURTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**
**(On Behalf of All Classes)**

70. Plaintiff realleges and incorporates by reference all preceding paragraphs.

71. Defendants impliedly warranted that the Class Vehicles were merchantable and fit for ordinary use.

72. The Class Vehicles are not fit for ordinary use due to the Defects, which create safety hazards and impair normal vehicle operation.

73. Defendants breached the implied warranty of merchantability.

74. Plaintiff and Class members have been damaged by this breach.

**FIFTH CAUSE OF ACTION**
**Fraudulent Concealment**
**(On Behalf of All Classes)**

75. Plaintiff realleges and incorporates by reference all preceding paragraphs.

76. Upon information and belief, Defendants knew or should have known about the Defects before selling and leasing the Class Vehicles.

77. The Defects were material facts that reasonable consumers would consider important in deciding whether to purchase or lease the Class Vehicles.

78. Defendants had a duty to disclose the Defects because: (a) Defendants had exclusive knowledge of the Defects; (b) the Defects create safety hazards; and (c) Defendants made partial representations about the vehicles' quality and safety while omitting the Defects.

79. Defendants intentionally concealed the Defects and/or failed to disclose them to induce Plaintiff and Class members to purchase or lease the Class Vehicles.

80. Had Plaintiff and Class members known about the Defects, they would not have purchased or leased the Class Vehicles or would have paid less for them.

81. Plaintiff and Class members suffered damages as a result of Defendants' fraudulent concealment.

82. Defendants' conduct was intentional, malicious, oppressive, and fraudulent, entitling Plaintiff and Class members to punitive damages.

## SIXTH CAUSE OF ACTION
## Violation of California Unfair Competition Law
## Cal. Bus. & Prof. Code § 17200, et seq.
## (On Behalf of the California Sub-Class)

83. Plaintiff realleges and incorporates by reference all preceding paragraphs.

84. Defendants' conduct violates California's Unfair Competition Law ("UCL") because it is unlawful, unfair, and fraudulent.

85. Defendants' conduct is unlawful because it violates the Song-Beverly Consumer Warranty Act, the Magnuson-Moss Warranty Act, and California's False Advertising Law.

86. Defendants' conduct is unfair because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

87. Defendants' conduct is fraudulent because Defendants concealed and failed to disclose the Defects, which misled consumers.

88. Plaintiff and California Sub-Class members have suffered injury in fact and lost money or property as a result of Defendants' UCL violations.

89. Pursuant to Business & Professions Code § 17203, Plaintiff and California Sub-Class members seek restitution, disgorgement, and injunctive relief.

**SEVENTH CAUSE OF ACTION**
**Violation of California False Advertising Law**
**Cal. Bus. & Prof. Code § 17500, et seq.**
**(On Behalf of the California Sub-Class)**

90. Plaintiff realleges and incorporates by reference all preceding paragraphs.

91. Defendants' marketing, advertising, and promotional materials for the Class Vehicles were false, misleading, and likely to deceive reasonable consumers.

92. Defendants knew or should have known that their representations about the Class Vehicles' quality, safety, and reliability were false or misleading due to the Defects.

93. Defendants' false advertising induced Plaintiff and California Sub-Class members to purchase or lease the Class Vehicles.

94. Plaintiff and California Sub-Class members suffered injury in fact and lost money as a result of Defendants' false advertising.

95. Plaintiff and California Sub-Class members are entitled to restitution and injunctive relief under Business & Professions Code § 17535.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

(a) Certify this case as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3);

(b) Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(c) Declare that Defendants' conduct violates the laws referenced herein;

(d) Order Defendants to provide notice to Class members about the Defects;

(e) Order Defendants to repair, recall, and/or replace the Class Vehicles;

(f) Award Plaintiff and Class members actual damages, including diminished value damages;

(g) Award Plaintiff and Class members restitution and disgorgement of Defendants' ill-gotten gains;

(h) Award Plaintiff and California Sub-Class members civil penalties under California Civil Code § 1794(c);

(i) Award punitive damages for Defendants' fraudulent concealment;

(j) Enjoin Defendants from continuing the unlawful practices described herein;

(k) Award Plaintiff and Class members their reasonable attorneys' fees, costs, and expenses;

(l) Award pre- judgment and post-judgment interest;

(m) Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff PERYL HARTMAN, individually and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

Dated: October 27, 2025

INGBER LAW GROUP

Jason Ingber

Jason M. Ingber, Esq.
Attorney for Plaintiff
PERYL HARTMAN